John Balas
137 Applegate Lane
Drums Pa 18222

United States District Court For The Eastern
District of Pennsylvania

John Balas, pro se                    Civil Action #

        v.

Dr. Stanish, Pam Smith

## "1983 Complaint"

"Jurisdiction & Venue"

1 This is a civil action authorized by 42 U.S.C. § 1983
to redress the deprivation under color of state law,
of rights secured by the United States Constitution.
This court has jurisdiction under 28 U.S.C. § 1331/
1343, Plaintiff seeks declaratory relief under 28
U.S.C. § 2201/2202. 28 U.S.C. § 2283 and rule 65
authoriz junctional relief. This court has
jurisdiction for Plaintiff's state claims.

2 This court is an appropriate venue under 28
U.S.C. § 1391 b. (2), because it is where the event
given rise to the claims occurred.

"Parties"

3  Plaintiff, Michael, John Balas, is a resident of Pennsylvania.

4  Defendant, Dr. Stanish, is a doctor. He was legally responsible for providing medical care for Plaintiff, for the operations of his/her's medical department, and the care and welfare of Plaintiff.

5. Defendant, Pam Smith, is a RN/CHCA. She was legally responsible for providing medical care for Plaintiff, for the operations of his/her's medical department, and the care and welfare of Plaintiff.

6  Defendants are sued individually and in their official capacity. At all times mentioned in this complaint, each Defendant acted under of color of state law.

"Facts"

7  Plaintiff came under the care of Defendants in the year of 2019.

8  In the year of 2019, Plaintiff began to suffer excessive lower abdominal pains.

9  Plaintiff reported to Defendants with the pain of his abdominal section.

10 Defendants performed an ultrasound on Plaintiff and revealed, Plaintiff had a "hernia"

11 Plaintiff provided with a hernia belt, by Defendants and pain medication(s)

12  Defendants indicated to Plaintiff an operation is needed to correct the hernia.

13  Plaintiff suffered from an "inguinal hernia" where there was protrussion of (a) piece of the intentine through an opening in Plaintiff's abdominal wall.

14  Plaintiff was at risk of the hernia extending into his groin, scrotam, and late enlargment of the hernia.

15  Defendants place Plaintiff at risk of intentine incarceration, strangulation, irreparable injuries, and death.

16  Plaintiff made cries to Defendants of being in daily pain, fear, and insufficient medications.

17  Plaintiff made requests for the operation to Defendants.

18  Plaintiff force to conduct daily getives activeties in pain and suffering by Defendants

19  Defendants are(were) deliberate indifferent to Plaintiff poor and unsafe living conditions

20  Defendants delayed Plaintiffs serious medical care and denied Plaintiff adequate medical care.

21  Defendants are(were) deliberate indifferent to Plaintiff serious medical care where they delayed and denied adequate serious medical care to Plaintiff.

## Legal Claims

22 Defendants Smith and Stanish were deliberate
indifferent to Plaintiff poor and unsafe living
conditions, and constitute a violation to Plaintiffs
rights that constitute cruel and unusual punishment under the 8th Amendment of the United
States Constitution.

23 Defendants Smith and Stanish, were deliberate
indifferent where they delayed and denied
adequate medical care, violated Plaintiff rights
that constitute cruel and unusual punishment
under the 8th Amendment of the United States
Constitution.

## Relief

24 Compensational damages $3,000,000.00
25 Panitive damages $4,000.00 on each Defendant.
26 Hernia operation, Defendants remove from their
positions, refund of all medical co-pay.
27 Jury trial, recovery, and what this court deems just.
I declare all above is true and correct under
28 U.S.C. 1746 on this    day of October 2020

/S/ Michael John Balas
Michael John Balas
137 Applegate Lane
Drums Pa 18222

