## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BALAS,** | : | |
| *a/k/a MICHAEL JOHN BALAS,* | | **CIVIL ACTION NO. 3:21-0466** |
| | : | |
| **Plaintiff** | | |
| | : | |
| | | **(JUDGE MANNION)** |
| **v.** | : | |
| | | |
| **DR. STANISH,** *et al.,* | : | |
| | | |
| **Defendants** | : | |
| | | |
| | : | |

### MEMORANDUM

### I. BACKGROUND

Plaintiff, John Balas, an inmate confined at the State Correctional Institution, Mercer ("SCI-Mercer"), Pennsylvania, originally filed the above caption civil rights action pursuant to 42 U.S.C. §1983 in the United States District Court for the Eastern District of Pennsylvania. (Doc. 2). On March 10, 2021 Plaintiff filed an amended complaint. (Doc. 11). The named Defendants are Dr. Stanish, SCI-Retreat physician, Pam Smith, SCI-Retreat's Corrections Health Care Administrator (CHCA), Melinda Adams, SCI-Mercer Superintendent and Karen Feather, SCI-Mercer CHCA. (Doc. 11). Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs. Id. For relief, he seeks compensatory and punitive damages. Id. By Order dated March 15, 2021, the action was transferred to the Middle District where it was filed on March 16, 2021. (Doc. 13).

Presently before the Court is Defendants' motion to dismiss. (Doc. 23). The motion is fully briefed and is ripe for disposition. For the reasons set forth below, the Court will grant Defendants' motion to dismiss.

## II. FACTUAL ALLEGATIONS IN THE COMPLAINT

Plaintiff states that in 2019, he "reported to Defendants Stanish and Smith for excessive abdominal pains." (Doc. 11). He claims that Defendants Stanish and Smith "performed medical evaluations and reveal Plaintiff was suffering from a 'hernia'." Id. Defendants "provided Plaintiff with a hernia belt and medications," and "informed Plaintiff [he] was in need of a hernia operation to make it correct." Id. Plaintiff claims that he "reported to Defendants of daily pain, insufficient medications and request for the operation but Defendants refused Plaintiff." Id. Plaintiff believes that he was "at risk of irreparable harm [because] his hernia extend[ed] into his groin." Id. Thus, he claims that "Defendants actions were deliberate indifferent in delaying and denying Plaintiff serious medical and adequate medical care." Id.

Plaintiff further claims that on December 28, 2020, while housed at SCI-Mercer, Plaintiff "was exposed to COVID-19" and that "Defendants were informed that COVID-19 CDC precautions were not being followed or

- 2 -

enforced but took no actions." Id. He claims that "Defendants permitted individuals who were expose, positive, and with COVID-19 symptoms in direct contact with Plaintiff." Id. As a result of Plaintiff's exposure, "Plaintiff was placed on enhance quarantine due to Defendants." Id. Plaintiff believes that "Defendants' enhance quarantine procedure conflict with other DOC procedures making them unavailable." Id. Plaintiff claims that "Defendants Adams and Feather were deliberately indifferent to Plaintiff's poor and unsafe living conditions and exposure to COVID-19." Id. Thus, he concludes that "Defendants' exposure of COVID-19 upon Plaintiff put his future health in substantial risk." Id.

Thus, Plaintiff filed the instant action in which he claims that Defendants Stanish and Smith "were deliberately indifferent where they delayed and denied serious medical care to Plaintiff" and Defendants Adams and Feather were "deliberately indifferent to Plaintiff's poor and unsafe living conditions", in violation of the Eighth Amendment. Id.

## III. MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light

- 3 -

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at

210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

## IV. DISCUSSION

In their motion to dismiss, Defendants contend that Plaintiff has failed to allege facts in support of his allegation that they were deliberately indifferent to his serious medical needs. (Doc. 24). To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that the defendant acted with "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard: Initially, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. Additionally, the plaintiff must make a "subjective" showing that the defendant acted with "a sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

- 5 -

The Third Circuit Court of Appeals has found deliberate indifference when a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary treatment for a non-medical reason, or prevents a prisoner from receiving needed medical treatment. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999).

This approach "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." Little v. Lycoming Cnty., 912 F.Supp. 809, 815 (M.D.Pa. 1996) (citing Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)).

When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. Nottingham v. Peoria, 709 F.Supp. 542, 547 (M.D.Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth Cnty. Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Only flagrantly egregious acts or omissions can violate the standard. Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional

judgment of a health care provider. <u>White v. Napolean</u>, 897 F.2d 103, 108–10 (3d Cir. 1990); <u>see also Estelle</u>, 429 U.S. at 105–06 (medical malpractice is insufficient basis upon which to establish an Eighth Amendment violation); <u>Rouse</u>, 182 F.3d at 197 ("It is well-settled that claims of negligence and medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' "); <u>Lanzaro</u>, 834 F.2d at 346 (concluding that mere allegations of malpractice do not raise issues of constitutional import).

Further, a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. <u>Durmer</u>, 991 F.2d at 69. However, if non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," liability may be imposed. <u>Spruill</u>, 372 F.3d at 236.

In the instant case, the allegations in Plaintiff's amended complaint clearly demonstrate that he had received medical attention for his hernia, as well as prescriptions to ease his discomfort. The attention Plaintiff received lacks the requisite deliberate indifference to support an Eighth Amendment

claim. See Brown v. Beard, 453 F. App'x 453, 455 (3d Cir. 2011) (disagreements regarding how to treat reducible hernia does not establish an Eighth Amendment violation); Rodriguez v. Sec'y of the Commonwealth, 441 F. App'x 919, 923–24 (3d Cir. 2011) (no finding of deliberate indifference where plaintiff was treated for his hernia by medical staff, but not in the manner the prisoner would have preferred); Winslow v. Prison Health Servs., 406 F. App'x 671, 675 (3d Cir. 2011) (same). Plaintiff alleges in his amended complaint that he was seen by medical personnel and treated with medication. Unfortunately, despite the medical attention, Plaintiff continued to suffer from discomfort. This is clearly a case where Plaintiff had been given medical attention but was dissatisfied with the course of treatment and subsequent results. As stated above, an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. Durmer, 991 F.2d at 69; Spruill, 372 F.3d at 235. Thus, Plaintiff has failed to establish an Eighth Amendment violation with respect to the medical treatment he received from Dr. Stanish and Dr. Smith for his hernia.

As to remaining Defendants, Adams and Feather, the Defendants argue that Balas' amended complaint must be dismissed because he has failed to allege the requisite injury. (Doc. 24). The Court agrees.

- 8 -

For a plaintiff to establish Article III standing, he must suffer an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 409 (2013) (quoting <u>Monsanto Co. v. Geertson Seed Farms</u>, 561 U.S. 139, 149 (2010)). These requirements originate from separation-of-powers principles and "serve[ ] to prevent the judicial process from being used to usurp the powers of the political branches." <u>Id</u>. at 408 (citation omitted). The standing doctrine also serves several other "implicit policies embodied in Article III," including the assurance that "the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action." <u>Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 472 (1982) (quoting <u>Flast v. Cohen</u>, 392 U.S. 83, 96 (1968)). In sum, the Court must ensure that Balas has a "personal stake in the outcome of the controversy." <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975) (internal quotation marks omitted).

The Supreme Court has been clear that an injury, to be cognizable, must not be "too speculative." <u>Clapper</u>, 568 U.S. at 409. Rather, the injury must be "certainly impending." <u>Id</u>. (quoting <u>Lujan v. Defenders of Wildlife</u>,

- 9 -

504 U.S. 555, 565 n.2 (1992)). "[A]llegations of possible future injury" are not sufficient. Id. (quoting Whitmore v. Arkansas, 495 U.S. 149, 158 (1990)).

Plaintiff alleges that he was exposed to COVID-19 because precautions were not being followed and as a result people who had symptoms and were positive with COVID-19 were allowed to come into contact with Plaintiff. (Doc. 11). As a result, he claims his future health is at risk. Id.

Missing here is any allegation of actual injury attributed to Defendants' alleged placing of Balas in proximity with infected inmates. These allegations do not support a plausible inference that Plaintiff sustained an injury sufficient to support constitutional standing. See, e.g., Purdy v. Community Corrections, 2021 WL 2778565, at *3 (D. Neb. July 2, 2021) (holding that prison inmate failed to plead injury with respect to the allege risk of COVID-19 infection); Cage v. Nwozo, 2017 WL 6815023, at *2 (M.D. Tenn. Oct. 26, 2017) (inmate lacked standing to assert claims based on prison officials' release of another inmate into the prison population despite the inmate having tested positive for shingles where the plaintiff did not claim to have been infected with the shingles virus himself or that he never experienced chickenpox before, making him susceptible to the shingles virus); Shoffner v. Wenerowicz, 2015 WL 4199075 (E.D. Pa. July 13, 2015)(Plaintiffs lack

- 10 -

standing to bring a claim for harm they may or may not suffer in the future). Thus, Plaintiff alleges none of the predicate facts upon which to plausibly infer that his proximity to allegedly infected inmates caused him to suffer any injury. Article III's injury-in-fact requirement for standing requires that the complaint support causation between the alleged wrong and the claimed injury. See Finkelman v. NFL, 810 F.3d 187, 193 (3d Cir. 2016).

It is possible that Balas is claiming an injury-in-fact based on the fear of contracting COVID-19 he experienced when he was exposed to others who were positive. However, fear of future harm constitutes an injury sufficient to support standing only if it arises from a threatened injury that is imminent and " 'certainly impending.' " Reilly v. Ceridian Corp., 664 F.3d 38, 42 (3d Cir. 2011) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155, 158 (1990) (explaining that the imminence requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms")). The "injury in fact" must have been "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (quotation marks and citations omitted). Balas has alleged nothing akin to an impending injury. Based on the allegations of his Amended Complaint, the injury he feared was speculative and hypothetical. Nothing about the situation or risk Balas faced can be considered imminent for purposes of Article III standing.

- 11 -

See, e.g., Donald J. Trump for President, Inc. v. Way, 2020 WL 6204477, at
*7 (D.N.J. Oct. 22, 2020).

Plaintiff's purported injury is somewhat analogous to the injuries
claimed by inmates in cases involving exposure to second-hand smoke,
hepatitis, and asbestos. In Robinson v. Vaugh, for example, an inmate
alleged constitutional standing based on his exposure to asbestos and his
"constant fear of contracting an asbestos-related disease." 1992 WL 368461,
at *2 (E.D. Pa. Dec. 2, 1992). The Court determined the inmate lacked
standing because mere exposure, "absent some manifestation of an
asbestos-related disease," rendered his purported injury "too speculative."
Id.

Nor does the allegation that he had to endure his own period of
quarantine, standing alone, satisfy the injury-in-fact requirement of
constitutional standing. This is principally because he has failed to allege any
particularized concrete injury resultant of his quarantine. Doing so is certainly
a tall order given that prisoners—by virtue of their incarceration—are already
severely restricted in their associations and activities—i.e., essentially
quarantined from society. This pleading difficulty is further compounded by
the broad application of restrictions such as quarantines that the general
public has endured during the continuing national health emergency. Such

- 12 -

restrictions have been burdens faced by most citizens. See, e.g., Parker v. Wolf, 506 F. Supp.3d 271, 282-83 (M.D. Pa. 2020). This generality distinguishes Plaintiff's case from those where the imposition of a COVID quarantine was found to have satisfied the injury-in-fact requirement. For example, in Minnesota Voters Alliance v. Walz, 492 F. Supp. 3d 822, 830 (D. Minn. 2020), the court found the plaintiff's allegation that a state-wide quarantine prevented them from engaging in political activity in indoor public settings to be an injury sufficient to establish standing. And in W.O. v. Beshear, 459 F. Supp. 3d, 833 (E.D. Ky. 2020), the Court found plaintiffs' allegation that a state-wide quarantine that prevented them from interstate travel stated a sufficient injury for purposes of constitutional standing. Id. at 840. But here, Balas has not alleged any material burden or restriction imposed on him because of his quarantine that was outside those normally associated with incarceration. Thus, his general reference to having been placed in quarantine does not support the type of particularized concrete injury necessary to support Article III standing.


**V. LEAVE TO AMEND**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendants would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.


## VI. CONCLUSION

For the reasons set forth above, the Court will grant the Defendants' motion to dismiss. (Doc. 23). A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  November 23, 2021**
21-0466-01

- 14 -